**TURBON INTERNATIONAL, INC., Plaintiff,**

v.

**HEWLETT–PACKARD CO. et al., Defendants.**

**No. 10 Civ. 4540(VM).**

United States District Court, S.D. New York.

Jan. 10, 2011.

---

**69.** *See id.*

**70.** *Id.* at 234.

**71.** *Grable,* 545 U.S. at 312, 125 S.Ct. 2363.

Eric Matthew Fishman, Jamie Mark Brickell, Pryor Cashman LLP, New York, NY, for Plaintiff.

Carrie A. Jablonski, Christopher D. Landgraff, Vincent S.J. Buccola, Bartlit Beck Herman Palenchar & Scott LLP, Chicago, IL, Joseph C. Smith, Jr., Bartlit Beck Herman Palenchar & Scott LLP, Denver, CO, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Turbon International, Inc. ("Turbon") brought this action against defendants Hewlett–Packard Co. ("HP") and Hewlett–Packard (Thailand) Ltd. ("HP–Thailand") seeking monetary and injunctive relief for, among other things, HP–Thailand's alleged tortious interference with Turbon's prospective business relations. During a telephone conference with the parties on October 14, 2010, the Court ordered the parties to engage in limited discovery to determine whether HP–Thailand is subject to the jurisdiction of this Court. On December 29, 2010, the parties submitted a joint letter to the Court indicating that they have been unable to agree on the scope of Turbon's document requests served on HP–Thailand. For the reasons stated below, the Court finds that some additional discovery on the jurisdictional issue is warranted, but that Turbon's document requests are overly broad and unduly burdensome.

■ Turbon's First Request for the Production of Documents seeks 29 broad categories of documents that Turbon asserts are relevant to the Court's jurisdiction over HP–Thailand, a Thai company with its principal place of business in Bangkok. (*See* Amended Compl. ¶¶ 3, 6.) Under section 301 ("§ 301") of New York's Civil Practice Law and Rules ("C.P.L.R."), a corporation is subject to general jurisdiction in New York if it is "doing business"

in the State. *King County, Wash. v. IKB Deutsche Industriebank AG,* 712 F.Supp.2d 104, 110 (S.D.N.Y.2010). A foreign entity may be deemed to be doing business in New York if (1) the foreign entity is a "mere department" of a related entity that is present in New York or (2) the foreign and local entities have an agency relationship. *Gallelli v. Crown Imports, LLC,* 701 F.Supp.2d 263, 271–72 (E.D.N.Y.2010). A foreign entity is a "mere department" of a local entity where there is common ownership of the two and where there is the requisite degree of financial dependency, interference in the selection and assignment of personnel, failure to observe corporate formalities, and/or control over marketing and operational policies. *Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184–85 (2d Cir.1998). *See generally Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117 (2d Cir.1984). An agency relationship between two entities exists where one "does all the business which [the other] could do were it here by its own officials." *Jazini,* 148 F.3d at 184 (internal quotation marks omitted). Accordingly, Turbon is entitled to limited discovery to determine whether HP–Thailand is a "mere department" of HP or whether the parties have an agency relationship, subjecting HP–Thailand to § 301 jurisdiction in New York.[1]

HP–Thailand insists that discovery on these topics is irrelevant to the jurisdictional issue because the Second Circuit has not approved the use of the "mere department" or agency theories where the local entity is the parent corporation and the foreign entity is the subsidiary. While it is true that the typical case involves a foreign subsidiary and a local parent, nothing in *Beech Aircraft* or *Jazini* precludes the use of the "mere department" and agency theories in the reverse situation, as numerous district courts in this Circuit have found. *See Dorfman v. Marriott Int'l Hotels, Inc.,* No. 99 Civ. 10496, 2002 WL 14363 (S.D.N.Y. Jan. 3, 2002); *ESI, Inc. v. Coastal Corp.,* 61 F.Supp.2d 35 (S.D.N.Y.1999); *Aboud v. Rapid Rentals, Inc.,* No. 97 Civ. 1742, 1997 WL 576086 (S.D.N.Y. Sept. 17, 1997); *Palmieri v. Estefan,* 793 F.Supp. 1182 (S.D.N.Y.1992). The Court is not persuaded that asserting jurisdiction over a foreign subsidiary under the "mere department" or agency theories would be contrary to law, nor lead to the parade of horribles of which HP–Thailand warns, as long as both the requirements of § 301 and constitutional due process are met.

Although Turbon is entitled to some additional discovery to determine whether the relationship between HP and HP–Thailand supports § 301 jurisdiction over HP–Thailand, Turbon's discovery requests are not sufficiently tailored to documents that are minimally necessary to resolve the jurisdictional issue. Without parsing each request, the Court notes that many of Turbon's categories call for the production of many more documents than is necessary, while others call for the production of documents with no relevance to the relationship between HP and HP–Thailand. As a result, Turbon's First Request for the Production of Documents falls far outside the scope of the Court's October 14, 2010 Order, and an award of costs and expenses to Turbon is not warranted.

### ORDER

For the reasons stated above, it is hereby

1. Although the Amended Complaint also asserts jurisdiction over HP–Thailand pursuant to New York's long-arm statute, section 302 ("§ 302") of the C.P.L.R. (Amended Compl. ¶ 5), Turbon does not seek additional discovery related to § 302. Consequently, the Court will not allow further requests for documents on that topic.

**ORDERED** that the parties are directed to confer and, by January 24, 2011, submit to the Court their agreement on the production of those documents minimally necessary to determine whether this Court may assert jurisdiction over defendant Hewlett–Packard (Thailand) Ltd. in the instant case.

**SO ORDERED.**